IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ODULAJA SAMSON ODUWOLE** | § | |
| | § | |
| VS. | § | CIVIL NO. 4:24-CV-138-P |
| | § | |
| **A&R EXCHANGE, ET AL.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case is now before the Court for review of *pro se* Plaintiff's civil suit. In this case, Plaintiff is proceeding *in forma pauperis* and, as such, his pleadings are subject to preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that, *inter alia*, it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff filed his Complaint [doc. 1] on February 12, 2024. After reviewing the Complaint, the Court, in an order dated March 6, 2024, ordered Plaintiff to file an amended complaint because it could not ascertain what claims Plaintiff was bringing against each Defendant, whether the Court had jurisdiction, or whether Plaintiff had stated any claim. On March 20, 2024, Plaintiff filed an Amended Complaint in conjunction with a "Motion to Proceed for Addendum Rental Lease and Stay of Eviction Actions Pending the Determination of USCIS Case" [doc. 20].

Having reviewed the motion and the Amended Complaint, the Court finds that Plaintiff has not established that this Court has jurisdiction to hear this case. In his Amended Complaint, Plaintiff simply requests that the Court issue an injunction preventing his apartment complex from evicting him and the utilities from being shut off, while his renewal of work authorization is pending before the United States Citizenship and Immigration Services ("USCIS"). (*Id.*) The entirety of Plaintiff's amended complaint states as follows:

> I am seeking court injunction to stop the eviction proceedings at the J.P. lower court, and to stop all other future eviction pending the outcome of the case before USCIS. I also wish to plead that the management of A&R Exchange Apt to please give me the opportunity to remain in the apartment in question until USCIS determine the case before the immigration court. I plea that all outstanding balance will be paid accordingly.

[Doc. 12 (mistakes in original)].

While the Court is sympathetic to Plaintiff's position, the Court **FINDS and CONCLUDES** that it, at the very least lacks subject-matter jurisdiction over this case. The general rule is that a federal court obtains jurisdiction over subject matter only if the elements necessary to constitute diversity of citizenship are met under 28 U.S.C. § 1332 or if the cause of action arises under the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331. Being as Plaintiff has not alleged any claim for relief under the Constitution or laws of the United States, he has not invoked the Court's federal-question jurisdiction.[1] Additionally, to properly invoke diversity jurisdiction, a plaintiff must allege that the amount in controversy exceeds $75,000 and that he is a citizen of one state while the defendant is a citizen of another. *See* 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is required; a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. *See Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). In this case, while Plaintiff claims on his Civil Cover Sheet that he is a citizen of a foreign nation or country and that Defendant is incorporated or has its principal place of business in Texas, Plaintiff wholly fails to allege any type of monetary damages. Moreover, in an eviction case as alleged by Plaintiff, there is no basis to

---

[1] The Court notes that, while Plaintiff claims on the Civil Cover Sheet that the U.S. Government is a Defendant, Plaintiff has wholly failed to allege any specific causes of action against the USCIS or any other governmental entity.

conclude that the minimum amount of value threshold for the exercise of diversity jurisdiction has been satisfied.

Because Plaintiff is proceeding *pro se*, his pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers. *See  Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).  However, the Court finds and concludes that no amount of liberal construction of Plaintiff's Amended Complaint could result in a legally cognizable claim in this Court.  Moreover, Plaintiff has had more than one opportunity to file a complaint that is not frivolous and states a claim upon which relief can be granted.  Consequently, based on the Amended Complaint, which is the live pleading before this Court, the Court is left with no choice but to recommend dismissal of Plaintiff's claims.  *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the Court **RECOMMENDS** that this case be **DISMISSED** for lack of subject-matter jurisdiction.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1).  Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions

accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **March 11, 2024,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 28, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE